IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

A.F., by and through her parent and
next friend CHRISTINE B.,

    Plaintiffs,

vs.                                                           No. 1:12-cv-01166-WPL-KBM

ESPANOLA PUBLIC SCHOOLS and
THE BOARD OF EDUCATION FOR THE
ESPANOLA PUBLIC SCHOOL DISTRICT,

    Defendants.

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DISABILITY DISCRIMINATION and CIVIL RIGHTS VIOLATIONS

COME NOW, Defendants, by and through their attorneys, German & Associates, LLC, by Elizabeth L. German and R. Michael Hughes, and hereby submit their Answer to Plaintiffs' Complaint for Disability Discrimination and Civil Rights Violations as follows:

## JURISDICTION AND VENUE

1.     Paragraph 1 of Plaintiffs' Complaint for Disability Discrimination and Civil Rights Violations ("Complaint") contains a legal conclusion and thus does not require Defendants to admit or deny its contents. Defendants do note that the case was removed to the United States District Court for the District of New Mexico.

2.     Paragraph 2 of Plaintiffs' Complaint contains a legal conclusion and thus does not require Defendants to admit or deny its contents. Defendants do note that the case was removed to the United States District Court for the District of New Mexico.

3.     Defendants admit the allegations contained in paragraph 3 of the Complaint.

4.     Defendants admit the allegations contained in paragraph 4 of the Complaint.

5. Defendants do not have sufficient information to admit or deny the allegations contained in paragraph 5 of Plaintiffs' Complaint and therefore deny the same.

6. Paragraph 6 of Plaintiffs' Complaint contains a legal conclusion and thus does not require Defendants to admit or deny its contents. Defendants admit that AF is a minor child.

7. Defendants admit that the Board of Education for the Espanola Public Schools (the "School Board") is the governing authority for the Espanola Public Schools, however, Defendants deny that the School Board is legally responsible for all incidents occurring on public school grounds.

8. Defendants admit the allegations contained in paragraph 8 of the Complaint.

## FACTUAL ALLEGATIONS

9. Defendants admit that AF was enrolled in the Espanola Public Schools for all times relevant to her cause of action.

10. Defendants admit that a determination has been made that AF is eligible for special education.

11. Defendants deny the allegations contained in paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in paragraph 12 of the Complaint.

13. Defendants admit that AF was evaluated in 2006, that the evaluator concluded that AF had a Full Scale IQ of 98, and that AF did not have a Specific Learning Disability. Defendants deny that a definitive determination was made that AF had an inability to decode words which impacted reading comprehension.

14. Defendants admit that it was determined after her 2006 evaluation that AF was not eligible for special education. However, Defendants deny that any team documented

AF's need for accommodations as a child with disabilities pursuant to Section 504 of the Rehabilitation Act.

15.     Defendants do not have sufficient information to admit or deny the allegations contained in paragraph 15 of the Complaint and therefore deny the same.

16.     Defendants deny the allegations contained in paragraph 16 of the Complaint.

17.     Defendants admit the allegations contained in paragraph 17 of the Complaint.

18.     The allegations contained in paragraph 18 of the Complaint are vague and not pled with sufficient specificity for Defendants to identify the individuals and time frame of the allegations contained therein.  Thus, Defendants do not have sufficient information to admit or deny the allegations in paragraph 18 and therefore deny the same.

19.     Defendants admit that AF was promoted to 8th grade against recommendations because Christine B. refused to consent to AF being retained.  Defendants deny all other allegations contained in paragraph 19 of the Complaint.

20.     Defendants deny the allegations contained in paragraph 20 of the Complaint.

21.     Defendants admit that AF attended Carlos Vigil Middle School for the 2009/2010 school year and that she failed some of her classes.  Defendants deny all other allegations contained in paragraph 21 of the Complaint.

22.     Defendants admit the allegations contained in paragraph 22 of the Complaint.

23.     Defendants do not have sufficient information to admit or deny the allegations contained in the first sentence of paragraph 23 of the Complaint and therefore deny the same.  Defendants deny all other allegations contained in paragraph 23 of the Complaint.

24. Defendants do not have sufficient information to admit or deny the allegations contained in the first sentence of paragraph 24 of the Complaint and therefore deny the same.

25. Defendants do not have sufficient information to admit or deny the allegations contained in the first sentence of paragraph 25 of the Complaint and therefore deny the same. Defendants deny all other allegations contained in paragraph 25 of the Complaint.

26. Defendants do not have sufficient information to admit or deny the allegations contained in the first sentence of paragraph 26 of the Complaint and therefore deny the same. Defendants deny all other allegations contained in paragraph 26 of the Complaint.

27. Defendants do not have sufficient information to admit or deny the allegations contained in the first sentence of paragraph 27 of the Complaint and therefore deny the same. Defendants deny all other allegations contained in paragraph 27 of the Complaint.

28. Defendants do not have sufficient information to admit or deny the allegations contained in paragraph 28 of the Complaint and therefore deny the same.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants admit the allegation contained in the first sentence of paragraph 32 of the Complaint. Defendants deny all other allegation contained in paragraph 32 of the Complaint.

33. Defendants admit the allegations contained in paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants do not have sufficient information to admit or deny the allegations contained in the first sentence of paragraph 35 of the Complaint and therefore deny the same. Defendants deny all other allegations contained in paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. Defendants admit the allegations contained in paragraph 39 of the Complaint.

40. Defendants do not have sufficient information to admit or deny the allegations contained in paragraph 40 of the Complaint and therefore deny the same.

41. Defendants do not have sufficient information to admit or deny the allegations contained in the first sentence of paragraph 41 of the Complaint and therefore deny the same. Defendants admit that Dr. Lang's report speaks for itself, but deny that the conclusions he reached are determinative.

42. Defendants admit that Christine B. took a copy of Dr. Lang's evaluation to the high school Vice Principal in January 2012, and that he referred her to the District's Special Education Director. However, Defendants do not have sufficient information to admit or deny that the Vice Principal read the evaluation and therefore deny the same.

43. Defendants admit that Christine B. provided a copy of Dr. Lang's report to the Special Education Director. However, Defendants do not have sufficient information to admit or deny whether or not she did so "immediately" and therefore deny the same.

44. Defendants deny the allegations contained paragraph 44 of the Complaint. Defendants admit that they were in the process of determining AF's eligibility for Special Education services and had taken substantial steps towards making such a determination

when counsel for Plaintiffs filed a Due Process Complaint. Defendants further state that the Due Process Complaint was filed roughly two weeks after Christine B. had provided Dr. Lang's report to the Special Education Director. Once the Due Process Complaint had been filed, Christine B. refused to allow any further testing or evaluations to determine the eligibility of AF to receive special education services.

45. Defendants admit that Plaintiffs filed a Due Process Complaint but deny that Plaintiffs have exhausted all administrative remedies.

46. Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. Defendants deny that there was a continuing pattern of disability discrimination resulting in emotional distress to AF. Defendants admit that Christine B. and AF decided that AF would attend Victory Faith Christian Academy, but are without sufficient information as to why Plaintiffs made that decision.

48. The allegations contained in paragraph 48 of the Complaint are vague and not pled with sufficient specificity for Defendants to identify the time frame of the allegations contained therein. Thus Defendants do not have sufficient information to admit or deny the allegations contained in paragraph 48 of the Complaint, and therefore deny the same.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. The allegations contained in paragraph 52 of the Complaint are vague and not pled with sufficient specificity for Defendants to identify the time frame of the allegations contained therein. Thus Defendants do not have sufficient information to

admit or deny the allegations contained in paragraph 52 of the Complaint, and therefore deny the same.

53. Defendants deny the allegations contained in paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in paragraph 54 of the Complaint.

**CLAIMS FOR RELIEF**
First Cause of Action

55. Defendants repeat their admittals and denials as provided in paragraphs 1-54.

56. Defendants deny the allegations contained in paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

Second Cause of Action

59. Defendants repeat their admittals and denials as provided in paragraphs 1-58.

60. Paragraph 60 contains a legal conclusion and thus does not require Defendants to admit or deny it. To the extent that paragraph 60 is construed as containing allegations of fact against Defendants, such allegations are denied.

61. Defendants deny the allegations contained in paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in paragraph 73 of the Complaint.

## **AFFIRMATIVE DEFENSES**

1. Plaintiffs have failed to state a claim for which relief can be granted.

2. Plaintiffs have failed to exhaust their administrative remedies.

3. Some of Plaintiffs' claims are barred by the Statute of Limitations.

4. Some of Plaintiffs' claims are barred by the doctrine of laches.

5. Plaintiffs' claims for relief and/or damages are educational in nature and such claims for educational injuries have previously been settled.

6. Plaintiffs failed to mitigate their damages and any award should be reduced accordingly.

7. Defendants had neither a policy, practice, nor custom which violated any of Plaintiffs' rights.

8. Plaintiffs are not entitled to punitive damages.

9. Plaintiffs are not entitled to pre-judgment or post-judgment interest.

10. Defendants were not, nor were any of their agents or employees, deliberately indifferent to Plaintiffs' rights under the United States Constitution.

11. There is no supervisory liability under 42 U.S.C. § 1983.

12. Plaintiffs' claims, in whole or in part, are barred by the doctrines of *Res Judicata* and collateral estoppel.

13. Espanola Public Schools is not a proper party to this lawsuit.

Respectfully Submitted:

*German & Associates, LLC*

*/s/ R. Michael Hughes*
R. MICHAEL HUGHES
ELIZABETH L. GERMAN
*Attorneys for Defendants*
12836 Lomas Blvd NE, Suite G
Albuquerque, New Mexico 87112
(505) 292-9676

I HEREBY CERTIFY that on the 16th day of November, 2012, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served electronically:

Nancy Simmons nlslaw@swcp.com

Debra D. Poulin dpoulin@cybermesa.com

/s/ *R. Michael Hughes*