IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

A.F., by and through her parent and
next friend CHRISTINE B.,

        Plaintiffs,

v.                                                                                  No. CIV 12-1166 RB/KBM

ESPANOLA PUBLIC SCHOOLS and
THE BOARD OF EDUCATION FOR THE
ESPANOLA PUBLIC SCHOOL DISTRICT,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

On behalf of her minor daughter, A.F., Christine B. brings suit against the Board of Education for the Española Public School District ("Board"). She claims the school district violated federal disability discrimination laws and her daughter's procedural due process rights as guaranteed by the 14th Amendment.

Before the Court is the Board's Motion for Judgment on the Pleadings. (Doc. 27). Jurisdiction arises under 28 U.S.C. § 1331. Having considered the submissions and arguments of the parties, the relevant law, and being otherwise fully advised, the Court **GRANTS** Defendant's motion. (Doc. 27).

**Background**

The following narrative is based on Plaintiff's allegations, which, at this stage of the litigation, have not been substantiated. However, for purposes of analyzing the Board's Motion

for Judgment on the Pleadings, this Court must accept all of the Plaintiff's well-pleaded allegations as true. *David v. City & County of Denver,* 101 F.3d 1344, 1352 (10th Cir. 1996).

The events relevant to this action occurred between 2006 and 2012. During this period, Plaintiff alleges the District consistently refused to accommodate A.F's disability. In 2012, when the current suit was filed, A.F. was 16 years old. (*Id.*)

A.F. is dyslexic. Her disability impedes her ability to learn, read, concentrate, think and communicate. (Doc. 1-2 at ¶ 15). Until A.F. transferred to Victory Faith Christian Academy in the summer of 2012, she attended schools in the Española Public School District ("District"). (Doc. 1-2 at ¶ 9).

According to the Complaint, the District became aware of A.F.'s special needs when she was in elementary school. After noticing that A.F. was only making minimal progress in reading and spelling, the District evaluated A.F when she was in the fourth grade. The evaluator concluded that A.F. did not have a specific learning disability, but noted that A.F. could not decode words, which impacted her reading comprehension. (Doc. 1-2 at ¶ 13). The District concluded that A.F. was not eligible for special education services, but noted A.F's need for accommodation and modifications as a child with disabilities. (Doc. 1-2 at ¶ 14).

Plaintiff alleges the District failed to accommodate A.F.'s disability. Each year of school, A.F. struggled academically. Christine B. consistently intervened on her daughter's behalf, but the District ignored her requests. According to the Complaint, the school refused to evaluate A.F., to give written notice of its refusal of Plaintiff's requests, or to provide Plaintiff with the procedural safeguards required by the Individuals with Disabilities Education Act ("IDEA"). Even though A.F. failed to learn the material in the grade she was in, the District promoted her to the next grade. (Doc. 1-2 at ¶¶ 16-26).

When A.F. started high school she was placed in a half-day, computer-based, credit recovery class. A.F. was initially dismissed after the half-day class, but, in response to Plaintiff's protest, the District placed her in the library for the second half of the day. (Doc. 1-2 at ¶¶ 27-32). Eventually, the District moved A.F. back into afternoon classes. (Doc. 1-2 at ¶ 32).

In January of 2012, Plaintiff obtained a private psychological assessment of A.F. The evaluating psychologist concluded that A.F. had a Full Scale IQ of 75 and diagnosed her with a learning disorder, depressive disorder, anxiety disorder, borderline cognitive functioning, and a dependent personality disorder. (Doc. 1-2 at ¶ 41). Plaintiff alleges she took this evaluation to the District, but was again rebuffed. (Doc. 1-2 at ¶¶ 42-43).

Prior to filing this action in federal court, on February 10, 2012, Plaintiff filed a special education Due Process Hearing Complaint pursuant to the IDEA with the New Mexico Public Education Department. (Doc. 27-1). However, no hearing was held. Three months later, on May 16, 2012, Christine B. and the District resolved the complaint by entering into a "Mediation Agreement." (Doc. 27-2). After the parties signed the Mediation Agreement, Plaintiff moved to dismiss her Due Process Hearing Complaint. (Doc. 27-3). It was dismissed with prejudice on May 18, 2012. (Doc. 27-4).

Plaintiff filed the present lawsuit in April of 2013. The Complaint is almost identical to the Due Process Hearing Complaint. (*See* Docs. 1-2, 27-1). However, in our case, Plaintiff brings two nominally non-IDEA claims. First, she claims the school district discriminated against A.F. on the basis of her disability, in violation of Section 504 of the Rehabilitation Act (RA) ("Section 504") and the Americans with Disabilities Act (ADA). Second, Plaintiff brings a § 1983 claim

alleging the District violated A.F.'s Fourteenth Amendment right to procedural due process. Defendant now moves for judgment on the pleadings.[1]

As this court must always satisfy itself of jurisdiction before addressing the merits of a claim, the Court turns to the exhaustion issue first. *See Hayes v. Unified Sch. Dist. No. 377,* 877 F.2d 809, 811 (10th Cir. 1989) (addressing jurisdictional question of exhaustion before proceeding to merits of disability claim).

## Legal Standard

### I.   Rule 12(c)

When reviewing a motion for judgment on the pleadings under Rule 12(c), the Court applies the same standard that applies to a Rule 12(b)(6) motion to dismiss. *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). Ordinarily, in deciding a motion to dismiss, the Court must accept all well-pleaded allegations in the complaint as true, and disregard any information not contained in the complaint. *Pace v. Swerdlow*, 519 F.3d 1067, 1073 (10th Cir. 2008). A different standard applies when the motion is based on a failure to exhaust administrative remedies. In such cases, the Court may consider evidence beyond the pleadings, determine facts, and decide the ultimate issues of whether exhaustion is legally required and, if so, whether it was accomplished satisfactorily. *See, e.g., Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003).[2]

---

[1] Defendant provides six grounds for dismissal: (1) Plaintiff has not pled a plausible claim for disability discrimination under Section 504 or the ADA; (2) Plaintiff previously settled and released any potential claims for educational injuries under the IDEA and most, if not all, of Plaintiff's allegations fall under the framework of the IDEA; (3) Plaintiff has not exhausted her administrative remedies for her claims; (4) her claim for procedural due process violations is not well pled; (5) there is no respondeat superior liability under § 1983, and Plaintiff has not pled a plausible claim for relief; and (6) any allegations before August 23, 2009 are barred by the relevant statute of limitations for Section 504, the ADA, and due process claims. (Doc. 27 at 2).

[2] *Davis* addressed exhaustion of remedies as a jurisdictional question. The Tenth Circuit has not determined whether the IDEA's exhaustion requirement is jurisdictional. *See McQueen ex rel. McQueen v. Colorado Springs Sch. Dist. No. 11*, 488 F.3d 868, 873 (10th Cir. 2007). However, "the characterization is only important when the defendant has waived or forfeited the issue: If exhaustion is a jurisdictional requirement, the district court *must* always dismiss

**Discussion**

I.     **Failure to Exhaust Administrative Remedies**

If a student with a disability seeks to bring a claim for educational injuries, she must plead and show either that she has exhausted her administrative remedies under the IDEA or that the relief she is seeking is not available under the IDEA. *See Cudjoe v. Indep. Sch. Dist. No. 12*, 297 F.3d 1058, 1063 (10th Cir. 2002). Accordingly, in deciding whether the Plaintiff's claims are exhausted, there are three questions this Court must resolve. First, the Court must resolve whether the relief Plaintiff seeks is also available under the IDEA. Second, if exhaustion was required, the Court must determine if Plaintiff did, in fact, exhaust her administrative remedies. And, third, if the Plaintiff did not exhaust her administrative remedies, the Court must decide if any of the exceptions to the exhaustion requirement apply.

   a.   **Plaintiff was Required to Exhaust Her Administrative Remedies**

Plaintiff concedes that she was required to exhaust her IDEA administrative remedies prior to bringing suit on her federal statutory antidiscrimination claims. Yet, this concession is too narrow. All of Plaintiff's claims require exhaustion, because the relief she seeks is also available under the IDEA. 20 U.S.C. § 1415(l); *see also Ass'n for Community Living v. Romer*, 992 F.2d 1040, 1044 (10th Cir. 1993).

The IDEA permits plaintiffs to file a complaint "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6)(A). Consequently, "[w]henever a plaintiff brings a claim that is 'educational in nature' purporting to challenge the

---

if there has been a failure to exhaust. If exhaustion is not jurisdictional, the court must dismiss only if the issue has been properly presented for decision." *Id.* In this case, there is no question of waiver or forfeiture by the District. Further, it is clear to the Court that, even if exhaustion of remedies is not in fact a jurisdictional matter, it is still a question that must be resolved at the outset of litigation if it has been raised by the defendants.

provision of educational services by a local school district, the claim is 'presumptively redressable' through the IDEA's administrative procedures." *See Ellenberg v. N.M. Military Inst.*, 478 F.3d 1262, 1280 (10th Cir. 2007) (citing *Padilla v. Sch. Dist. No. 1,* 233 F.3d 1268, 1275 (10th Cir. 2000)). "[T]he dispositive question generally is whether the plaintiff has alleged injuries that could be redressed *to any degree* by the IDEA's administrative procedures and remedies. If so, exhaustion of those remedies is required." *Cudjoe*, 297 F.3d at 1066.

Here, Plaintiff seeks relief that is also available under the IDEA.[3] Relief is available whenever the plaintiff could attain "relief for the events, condition, or consequences of which the person complains, not necessarily relief of the kind the person prefers." *Cudjoe*, 297 F.3d at 1066. Besides damages, the IDEA grants district courts considerable discretion when fashioning a remedy. *See* 20 U.S.C. 1415(i)(2)(C)(iii).[4] If, after exhausting her administrative remedies, Plaintiff wishes to pursue certain types of relief, the Court will have the benefit of a well-developed administrative record in evaluating the case and determining what judicial relief, if any, is appropriate. *See Cudjoe*, 297 F.3d at 1067.

Moreover, the Tenth Circuit has consistently required exhaustion for these types of educationally based claims. For example, in *Cudjoe*, a student, who suffered from a virus that caused chronic fatigue, alleged the district provided him "inadequate instruction, delayed teaching materials, and [used] intimidation tactics at annual reviews." *Cudjoe*, 297 F.3d at 1068. The *Cudjoe* court found the student's discrimination claim required exhaustion, because the

---

[3] Plaintiff's prayer for relief includes compensatory and nominal damages, attorneys' fees and costs, pre and post-judgment interest, and for such other relief the Court deems appropriate. (Doc. 1-2 at ¶ 15). The Court notes that attorney's fees are available under the IDEA. The IDEA provides that "in any section or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs—(I) to the prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I).
[4] It makes no difference that damages may be unavailable to the Plaintiff under the IDEA; "the IDEA's exhaustion requirement will not be excused simply because a plaintiff requests damages . . . if his alleged injuries could be redressed under the IDEA." *Cudjoe*, 297 F.3d at 1066-67.

student alleged acts that had both an educational source and an adverse educational consequence. *Id.*

Like *Cudjoe*, Plaintiff brings claims whose "genesis and manifestation . . . are educational." *Id.* at 1067. The entirety of Plaintiff's Complaint centers on the dispute over the District's efforts to accommodate A.F's educational needs. Her alleged discrimination – her promotion to high school, assignment to computerized credit-recovery classes, and assignment to afternoon library hours – shares an educational source. Similarly, her alleged harms – A.F.'s regression in school, her lost educational opportunities, and her emotional distress – are educational consequences. (See Doc. 1-2 at ¶ 54).

In contrast, the cases where the Tenth Circuit excused exhaustion involve claims that are clearly non-educational. Two cases are particularly illustrative of this point. In *Ellenberg*, the court found that a plaintiff's claim against a military school for discrimination in its admissions policy overcame the presumption of exhaustion, because it was a "pure discrimination" claim. *See Ellenberg*, 478 F.3d at 1280. Along the same lines, the *Padilla* court found that exhaustion was unnecessary in a suit where the plaintiff suffered severe physical, and completely non-educational, injuries. 233 F.3d at 1274. Here, unlike these cases, Plaintiff's discrimination and Section 1983 claims are part and parcel of her educationally based grievance.

### b. The Mediated Settlement Does Not Satisfy the Exhaustion Requirement

Plaintiff argues she exhausted all available administrative remedies by settling her IDEA claims. After considering our sister circuit's dispositions on this issue and the policy rationales underlying the exhaustion requirement, this Court determines that the Mediation Agreement (Doc. 27-2) does not satisfy Plaintiff's obligation to exhaust her administrative remedies under the IDEA.

A plaintiff bringing an educational claim must navigate a particular administrative process prior to bringing suit in federal court. *See Nelson v. Bd. of Educ. of Albuquerque Pub. Sch.*, CIV. 07-1027 JH/RHS, 2009 WL 6055840 (D.N.M. Jan. 7, 2009). Section 1415 of the IDEA grants the right to present to the school district a complaint "with respect to any matter relating to the identification, evaluation, or educational placement of [a child with a disability], or the provision of a free appropriate public education [FAPE] to such child." § 1415(b)(6)(A). The complaint, if not settled through mediation, *see* § 1415(e), or a preliminary meeting, *see* § 1415(f)(1)(B)(i), is resolved through an impartial due-process hearing, *see* § 1415(f)(1). At the hearing the parties have "the right to present evidence and confront, cross-examine, and compel the attendance of witnesses." § 1415(h)(2). The hearing officer must prepare findings of fact and a decision. *See* § 1415(h)(4). Either party may appeal the hearing officer's decision to the state educational agency, which reviews the findings and decision and "make[s] an independent decision upon completion of such review." § 1415(g). Only after the state agency has issued its decision may a party bring "a civil action with respect to the complaint" in state or federal court. § 1415(i)(2)(A); *see id.* § (i)(1)(B); *id.* § (i)(3)(A) (jurisdiction of federal courts).

The administrative process under Section 1415 was not completed in this case – no hearing was ever held. *See McQueen ex rel. McQueen v. Colorado Springs Sch. Dist. No. 11*, 488 F.3d 868, 874 (10th Cir. 2007) (finding Plaintiff did not exhaust her administrative process when she filed a complaint in federal court after the hearing officer decided only one of two major issues). Rather, Plaintiff argues that the settlement negated the hearing requirement.

In *Weber v. Cranston School Committee* the First Circuit addressed the issue of what constitutes exhaustion under the IDEA and found that mediation is insufficient. 212 F.3d 41, 53 (1st Cir. 2000). The First Circuit held that the "IDEA's mandate is explicit: plaintiffs must

exhaust IDEA's impartial due process hearing procedures in order to bring a civil action under subchapter II of IDEA or any 'such law[ ] seeking relief that is also available' under subchapter II of IDEA." *Id.* (citing 20 U.S.C. § 1415(l)); accord *Pedraza v. Alameda Unified Sch. Dist.*, C 05-04977 VRW, 2007 WL 949603 (N.D. Cal. Mar. 27, 2007).[5] In the absence of Tenth Circuit precedent, the court adopts the First Circuit's interpretation of the IDEA's exhaustion requirement and finds that this requirement is *not* satisfied when parties enter into a mediated settlement agreement. Pursuant to the IDEA, there must be, at the very least, a state-level impartial due process hearing before the aggrieved party can file a civil action in federal court. See 20 U.S.C. § 1415(i)(2).

Citing dicta, Plaintiff argues the Tenth Circuit's decision in *Ellenberg* conclusively decided that settlement agreements satisfy the exhaustion requirement. *See Ellenberg*, 478 F.3d at 1281. Plaintiff misreads *Ellenberg*. *Ellenberg* does not provide a blanket get-out-of-exhaustion-free-card for all Section 504 claims. Rather, the *Ellenberg* court simply makes the point that it would be incongruous to require exhaustion for non-educational claims. *Id.* As explained above, unlike *Ellenberg*, this case is purely educational. The dispute in this case centers on whether the District's failure to accommodate A.F.'s disability denied A.F. her right to a free appropriate public education.

Moreover, the Court's determination that a settlement does not meet the exhaustion requirements is supported by the policy rationales requiring exhaustion. Requiring administrative exhaustion of IDEA claims advances several objectives:

> (1) permitting the exercise of agency discretion and expertise on issues requiring these characteristics; (2) allowing the full development of technical issues and a factual record prior to court review; (3) preventing deliberate disregard and

---

[5] As support for this holding, the First Circuit cited the Tenth Circuit's decision in *Romer*. *Id.* In *Romer*, the Tenth Circuit held that a state law complaint procedure, which did not utilize an IDEA due process hearing, did not suffice for exhaustion purposes. *See Ass'n for Community Living v. Romer*, 992 F.2d 1040, 1045 (10th Cir. 1993).

circumvention of agency procedures established by Congress; and (4) avoiding unnecessary judicial decisions by giving the agency the first opportunity to correct any error.

*Ass'n for Community Living v. Romer,* 992 F.2d 1040, 1044 (10th Cir. 1993) (internal quotation marks omitted); *see also Nelson v. Bd. of Educ. of Albuquerque Pub. Sch.*, CIV. 07-1027 JH/RHS, 2009 WL 6055840 (D.N.M. Jan. 7, 2009).

To consider settlement tantamount to exhaustion would undermine the purposes of the exhaustion requirement. *See Hamilton v. Bd. of Sch. Comm'rs of Mobile Cnty.*, Ala., 993 F. Supp. 884, 889-90 (S.D. Ala. 1996). In short, allowing the settlement in this case to constitute exhaustion would permit plaintiffs to proceed with their claims without developing a factual record, allowing the educational system to exercise its expertise in resolving this conflict, or providing the parties a full opportunity to avoid excessive litigation. *See Romer*, 992 F.2d at 1045; *S.A.S. ex rel. W.S. v. Hibbing Pub. Sch.*, CIV. 04-3204 JRT/RLE, 2005 WL 1593011 (D. Minn. July 1, 2005). Therefore, the Court holds that Plaintiff did not exhaust her administrative remedies under the IDEA.

### c. Exhaustion Would Not be Futile

Exhaustion is not required where (1) it would be futile, (2) it would fail to provide adequate relief, or (3) "an agency has adopted a policy or pursued a practice of general applicability that is contrary to the law. *See Romer*, 992 F.2d at 1044. Plaintiff bears the burden of demonstrating that her claims fall into one of the exceptions to the exhaustion requirement. *See Honig v. Doe*, 484 U.S. 305, 327 (1988)*; Cudjoe*, 297 F.3d at 1063 n. 6.

Because Plaintiff relied on the faulty argument that her claim was exhausted, Plaintiff did not address whether any of the above listed exceptions to the exhaustion requirement apply to the current case. Thus, Plaintiff has not met her burden as to why she is excused from the exhaustion

requirement. Accordingly, the Court determines that no exception to the IDEA's exhaustion requirement applies.

In sum, due to Plaintiff's failure to exhaust her administrative remedies, the Court holds that, pursuant to 20 U.S.C. § 1415(1), Plaintiff is prohibited from asserting claims "under the Constitution, [the ADA, Title V of the Rehabilitation Act], or other Federal laws protecting the rights of children with disabilities." Since all of Plaintiff's claims arise under the Constitution, the ADA, and Title V of the RA, Plaintiff's claims cannot be brought before this Court.

**THEREFORE,**

IT IS ORDERED that Defendant's Motion for Judgment on the Pleadings, (Doc. 27), is GRANTED.

IT IS FURTHER ORDERED that this matter is dismissed without prejudice.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**