**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

A.F., by and through her parent and
next friend CHRISTINE B.,

      Plaintiffs,

v.                                  No. CIV 12-1166 RB/KBM

ESPAÑOLA PUBLIC SCHOOLS and
THE BOARD OF EDUCATION FOR THE
ESPAÑOLA PUBLIC SCHOOL DISTRICT,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

On behalf of her minor daughter, A.F., Christine B. brings suit against the Board of Education for the Española Public School District ("District"). She claims the school district violated federal disability discrimination laws and her daughter's procedural due process rights as guaranteed by the 14th Amendment. On December 6, 2013, the Court dismissed Plaintiffs' Complaint for failure to exhaust her administrative remedies. (Doc. 114).

Before the Court is "Plaintiff's Motion to Alter or Amend the Judgment Pursuant to Rule 59(e) and for Relief From Judgment Pursuant to Rule 60(b) or in the alternative for Clarification of Final Order." (Doc. 115). Jurisdiction arises under 28 U.S.C. § 1331. Having considered the submissions and arguments of the parties, the relevant law, and being otherwise fully advised, the Court **DENIES** Plaintiff's motion.

**BACKGROUND**

A full recitation of the facts alleged in Plaintiff's Complaint can be found in the Court's December 6, 2013 Order granting Defendant's motion to dismiss. (Doc. 114). Since the

operative facts have not changed since that time, the Court will only briefly summarize the relevant procedural and factual history of this case.

In short, Plaintiff's Complaint alleges the Española Public School District ("District") failed to accommodate her daughter's disability over a six year time period. According to the Complaint, the District was aware of A.F.'s disabilities, but refused to take action. The Court found that Plaintiff's allegations were based on the District's failure to educate A.F., and that all injuries sustained by A.F. were related to her education. (Doc. 114 at 7).

In February of 2012, pursuant to the Individuals with Disabilities Education Act ("IDEA") Plaintiff filed a special education Due Process Hearing Complaint with the New Mexico Public Education Department. (Doc. 27-1). No hearing was held on this complaint. Rather, on May 16, 2012, Christine B. and the District resolved the complaint by entering into a "Mediation Agreement." (Doc. 27-2). Both parties signed the agreement, and upon Plaintiff's request, the Due Process Hearing Complaint was dismissed with prejudice on May 18, 2012. (Doc. 27-4).

On August 23, 2012, Plaintiff filed a civil complaint in the First Judicial District, State of New Mexico. Defendant removed Plaintiff's civil complaint to this Court on November, 13 2013. (Doc. 1). Though nearly identical to Plaintiff's Due Process Hearing Complaint, this Complaint brings two nominally non-IDEA claims: (1) a claim for discrimination in violation of Section 504 of the Rehabilitation Act and the American with Disabilities Act, and (2) a Section 1983 claim for a violation of her due process rights.

On April 18, 2013, the District filed a motion to dismiss Plaintiff's Complaint. In its ruling, the Court made three essential findings. First, the Court found that the IDEA required Plaintiff to exhaust her administrative remedies. Second, the Court held that because the

settlement agreement did not satisfy the IDEA's impartial due process hearing procedures, Plaintiff could not bring a claim in this Court to seek relief that was also available under the IDEA. (Doc. 114 at 9). And, third, as the Plaintiff did not satisfy her burden, the Court found that exhaustion would not be futile. (*Id.* at 10). As a result, the Court dismissed Plaintiff's claims without prejudice. (*Id.* at 11).

Plaintiff disagrees with the Court's holding. On January 2, 2014, Plaintiff filed the instant motion, seeking reconsideration of its prior ruling under Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons discussed below, the Court affirms its prior ruling.

## LEGAL STANDARD

Plaintiff cites to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure in support of her motion. These rules govern post-judgment challenges to the court's rulings. *Warren v. Am. Bankers Ins. of FL*, 507 F.3d 1239, 1243 (10th Cir. 2007). Because the Court recognizes that its previous order may be considered the equivalent of a final judgment, it will consider Plaintiff's motion under these standards.

Rule 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). A motion for reconsideration under Rule 59(e) is an "inappropriate vehicle[ ] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete,* 204 F.3d at 1012. "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position,

or the controlling law." *Id.* A district court has considerable discretion in ruling on a motion to reconsider. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Rule 60(b) is subject to more stringent standards than Rule 59(e). *See Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1239. "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Cashner v. Freedom Stores, Inc*, 98 F.3d 572, 576 (10th Cir. 1996) (quoting *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990)). Rule 60 permits a court to relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b). A litigant demonstrates exceptional circumstances by satisfying at least one of Rule 60(b)'s six grounds for relief. *Van Skiver*, 952 F.2d at 1243-44.

## DISCUSSION

Since Plaintiff filed her motion to amend within 28 days of the entry of the Court's order of dismissal, the Court will analyze her motion under the standard provided by Rule 59(e). After reviewing Plaintiff's motion, it is clear that it merely advances arguments which were available at the time of the original motion. Therefore, a motion to reconsider is an inappropriate vehicle for her to challenge the Court's ruling. *See Servants of Paraclete*, 204 F.3d at 1012. However, as Plaintiff argues the Court committed a mistake of law, the Court will review the record and the relevant law to ensure the validity of its prior decision.

I.      **The Mediation Agreement Does Not Satisfy IDEA's Exhaustion Requirement**

First, the Court held that a mediated settlement agreement did not satisfy the exhaustion requirement of the IDEA. (*See* Doc. 114 at 7-8; 20 U.S.C. § 1415(l)). In her motion to reconsider, Plaintiff attempts to convince this Court that it misconstrued the governing law in coming to this conclusion. After again reviewing the relevant statutory scheme and case law, it is clear that Plaintiff is still incorrect: a mediated settlement agreement does not satisfy the IDEA's exhaustion requirement.

In the Tenth Circuit, the IDEA's exhaustion requirement is strictly construed and serves a critical function. In *Ellenberg*, the circuit court stated:

> We have interpreted the IDEA's exhaustion requirements broadly, noting Congress' clear intention to allow those with experience in educating the nation's disabled children at least the first crack at formulating a plan to overcome the consequences of educational shortfalls. In addition, we have recognized the important purposes served by exhaustion, including: (1) allowing the full development of technical issues and a factual record prior to court review; (2) preventing deliberate disregard and circumvention of agency procedures established by Congress; and (3) avoiding unnecessary judicial decisions by giving the agency the first opportunity to correct any error.

*Ellenberg v. New Mexico Military Inst.*, 478 F.3d 1262, 1275-76 (10th Cir. 2007) (internal quotations and citations omitted). Accordingly, under the IDEA, a plaintiff must exhaust her administrative claims where the "genesis and manifestation . . . [of those claims] are educational." *Cudjoe v. Indep. Sch. Dist. No. 12*, 297 F.3d 1058, 1063 (10th Cir. 2002). Here, the Court held that Plaintiff's alleged wrongs were educational in nature as were the alleged injuries. (Doc. 114 at 7). Therefore, Plaintiff was required to exhaust her administrative remedies under the IDEA.

The question is whether Plaintiff satisfied the IDEA's exhaustion requirement by entering into a mediated settlement agreement with the District. The Tenth Circuit has not directly

addressed this issue. However, given the relevant statutory scheme and Tenth Circuit commentary on the issue, the result is clear.

Section 1415 of the U.S. Code sets forth the procedural safeguards available for children with disabilities in receiving a free appropriate public education (FAPE). The role of this administrative process is to resolve a complaint about the education of a specific child. *McQueen ex rel. McQueen v. Colorado Springs Sch. Dist. No. 11*, 488 F.3d 868, 874 (10th Cir. 2007). Mediation, which is governed by Section 1415(e), is one procedural track to resolve the complaint. An alternate procedural track is outlined in Sections 1415(f)-(h). These subsections provide the procedure parties must follow in conducting an impartial due process hearing.

Based on the statute, the right to file a civil complaint is only available to those who follow the second path. This is clear upon an inspection of Section 1415(i), which governs a plaintiff's right to bring a civil action under the IDEA. Section 1415(i) states:

> Any party aggrieved by the findings and decision made under subsection (f) or (k) who does not have the right to an appeal under subsection (g), and any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.

§ 1415(i)(2)(A). Subsection (f) governs the procedure for the impartial due process hearing. *See* § 1415(f). Subsection (k) governs the procedures schools must use in removing a child from his educational setting for violations of the student codes of conduct. *See* § 1415(k)

The plain language of the statute does not include those who choose to resolve a claim through mediation among those who can file a civil claim. Analyzing the text, this becomes immediately clear. First, a party who voluntarily settles his or her claim cannot be aggrieved. Second, the statute references findings. When parties settle a claim, as they did here, there are no

findings for the court to consider. And, third, the statute gives the right to file a civil complaint to those aggrieved by the findings in *subsection (f) or (k)*. *Id.* (emphasis added). Subsection (e), which governs the mediation process, is not mentioned.

The Tenth Circuit has come to the same conclusion, albeit in a case where a mediated settlement agreement was not involved. In analyzing who can bring a civil claim under the statute, the Tenth Circuit ruled that "[o]nly after the state agency has issued its decision may a party bring 'a civil action with respect to the complaint' in state or federal court." *McQueen*, 488 F.3d at 874 (citing § 1415(i)(2)(A); *see id.* § (i)(1)(B); *id.* § (i)(3)(A) (jurisdiction of federal courts)). Since there has been no state agency decision issued in this case, Plaintiff's Complaint in this Court is clearly barred.

In response, Plaintiff points to no mandatory authority that clearly contradicts the Court's conclusion.[1] The only novel Tenth Circuit case Plaintiff relies on, *Muskrat v. Deer Creek Public Schools*, is inapposite. 715 F.3d 775 (2013). First, *Muskrat* does not make any mention of a mediated settlement agreement. Second, the *Muskrat* Court never specifically held that the exhaustion requirement was satisfied. It only held that exhaustion would be futile given the circumstances. *Id.* at 785-86.

Consequently, given the plain language of the statute and the Tenth Circuit's rulings on this subject, the Court holds that a mediated settlement agreement does not satisfy the exhaustion requirement of Section 1415(l).

---

[1] Plaintiff cites to *KG v. Santa Fe Public. School District* in support of her position that exhaustion is not required. No. 12-cv-1209 KBM/GBW (D.N.M. May 17, 2013). In *KG*, which is discussed in detail *infra*, the court found that a mediated settlement agreement satisfied the IDEA's exhaustion requirement. However, for the reasons discussed in this section, this Court does not find *KG* persuasive on this point.

**II.      Exhaustion Should Not be Excused**

There are circumstances where courts will excuse a plaintiff's failure to exhaust. Exhaustion is not required where (1) it would be futile, (2) it would fail to provide adequate relief, or (3) "an agency has adopted a policy or pursued a practice of general applicability that is contrary to the law." *Ass'n for Cmty. Living in Colo. v. Romer*, 992 F.2d 1040, 1044 (10th Cir. 1993). As Plaintiff failed to meet her burden of demonstrating the futility of exhausting administrative remedies – in fact, Plaintiff did not even mention futility in her brief – the Court did not excuse Plaintiff from the exhaustion requirement. (*See* Doc. 114 at 10).

Plaintiff now attempts to meet her burden through her motion to reconsider. She claims that the argument should be considered under Rule 60(b), because her failure to address futility was the result of attorney mistake, inadvertence, surprise, or excusable neglect. However, under Rule 60(b) inadvertence by an attorney is not a basis for relief. *See Pelican Prod. Corp. v. Marino,* 893 F.2d 1143, 1146 (10th Cir. 1990). Further, as the court has stated previously, a motion to reconsider is not the appropriate vehicle for a party to argue new points that were available at the time of the original motion. Therefore, on this basis alone, the Court may deny Plaintiff's request.

Nevertheless, for the sake of completeness and fairness to A.F., the Court will consider Plaintiff's futility claim. The result is the same: under Tenth Circuit precedent, Plaintiff cannot show that she should be excused from the exhaustion requirement.

The first two prongs of the futility inquiry ask whether exhaustion would be futile or fail to provide adequate relief. *See McQueen*, 488 F.3d at 874. In analyzing these factors, Plaintiff contends that the essential question is whether a plaintiff sought all available relief at the administrative level. But, this is not the standard. Under *Romer*, administrative remedies are

generally inadequate or futile where plaintiffs allege structural or systemic failure and seek system-wide reforms; the same is true where plaintiffs assert violations of the IDEA's due process provisions. *See Romer*, 992 F.2d at 1044. Using this standard, the *Romer* Court "declared that the claims before it did 'not target structural or due process concerns, but rather the effect of a single component of [the education department's] educational program on individual children's [individual education plans].'"[2] *McQueen*, 488 F.3d at 874 (citing *id*). "This is not," the *Romer* Court stated, "the kind of systemic violation that renders the exhaustion requirement inadequate or futile . . . ." *Id.*

 The lack of allegations relating to systemic violations is even clearer in this case than *Romer*. Unlike *Romer*, where the plaintiffs challenged a generally applicable district policy, the dispute is limited to the District's treatment of a single student. There are no allegations of structural defects. Similarly, there is no indication that A.F. was denied adequate process under the IDEA. Thus, this is not the kind of systemic violation that renders the exhaustion requirement inadequate or futile.

 Next, there may be an exception to the exhaustion requirement when "'an agency has adopted a policy or pursued a practice of general applicability that is contrary to the law.'" *Romer*, 992 F.2d at 1044 (quoting H.R. Rep. No. 99-296, at 7 (1985)). The Tenth Circuit has never excused a party's failure to exhaust administrative remedies under this exception. *McQueen*, 488 F.3d at 874. Based on the Complaint, it is clear that this case would not be the first time. There are no allegations that the District has adopted such a generally applicable policy, which violated Plaintiff's rights.

---

[2] In *Romer*, a putative class of plaintiffs claimed that the education department denied them appropriately individualized IEPs because its policies arbitrarily predetermined the duration of the extended school day and extended school year services and used a single criterion to determine eligibility for extended school year services. *Romer*, 992 F.2d at 1043.

In support of her futility claim, Plaintiff again relies on *Muskrat* and *KG v. Santa Fe Public School District.* No. 12-cv-1209 KBM/GBW, Doc. 29, (D.N.M. May 17, 2013). Both of these cases muddle the futility analysis – neither discuss the three exceptions listed above in any detail. However, in both of these cases, the courts found that exhaustion under the IDEA would be futile where the parties already settled their educationally related claims prior to filing civil claims for damages.

Yet, *Muskrat* and *KG* are distinguishable. Neither case involved purely educationally related injuries. The plaintiff in *Muskrat* sought medical damages stemming from the school district's timeout policy. The student suffered from sleeplessness, vomiting, and a frequent urge to urinate. His medical professionals also documented declining cognitive and physical functions. *See Muskrat*, 715 F.3d at 781. In its ruling, the Court strongly implied that the IDEA process could not redress the alleged problems in any degree. The plaintiff in *KG* suffered from a brain disorder that caused cognitive and physical impairments. She sought damages related to "knee surgeries received on a slide tunnel; a broken femur after another student caused her to fall; confined in wheelchair on the bus; and injuries when the bus driver temporarily fled the scene after crashing the bus into a car at the home of KG's aunt." *KG*, 12cv1209 at *8.

Cases involving these types of non-educational, physical injuries are commonly excused from the IDEA's exhaustion requirement. *See Padilla ex rel. Padilla v. Sch. Dist. No. 1 in the City & Cnty. of Denver, Colo*., 233 F.3d 1268, 1274-75 (10th Cir. 2000). As the Court previously ruled, Plaintiff alleges no physical or non-educational injuries whatsoever, and the IDEA offers prospective relief to Plaintiff's educationally related claims. (*See* Doc. 114 at 6). Thus, unlike *Muskrat* and *KG*, at the time Plaintiff filed her Due Process Hearing Complaint, the IDEA offered possible relief to the Plaintiff – even if not in Plaintiff's preferred form.

As a result, the Court cannot accept Plaintiff's argument that exhaustion would be futile. Plaintiff's claims are educational. The school district should be given the "first crack at formulating a plan to overcome the consequences" of Plaintiff's educational shortfalls. *Ellenberg*, 478 F.3d at 1275-76. If the Court were to adopt Plaintiff's position on futility, it would be the equivalent of excusing exhaustion in all cases where the parties reached a mediated settlement agreement. This would run directly counter to the plain language of the statute and to Tenth Circuit precedent. The Court will not rewrite the statute to serve Plaintiff's ends.

## III.   Clarification

Last, Plaintiff requests clarification from the Court, in the form of instructions, as to what remedies Plaintiff is required to exhaust prior to re-filing her complaint for damages. The Court does not believe providing such advisory instructions would be appropriate. Further, the Court's ruling is clear: a mediated settlement does not constitute exhaustion of administrative remedies under the IDEA.

**THEREFORE**

**IT IS ORDERED** that Plaintiff's motion to alter or amend the judgment is DENIED. (Doc. 115)

**IT IS FURTHER ORDERED** that Defendant's motion for leave to file a surreply is DENIED as moot. (Doc. 121).

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**